IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | § | |
|---|---|---|
| BENNET AFABOR, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:05-CV-2255-P |
| RACETRAC PETROLEUM, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendant's Motion To Drop Party Plaintiffs Pursuant To FRCP 21, filed January 23, 2006. Plaintiffs filed a Response on February 15, 2006, and Defendant filed a Reply on March 6, 2006. Having considered the parties' briefing, the evidence, and the applicable law, the Court hereby DENIES Defendant's Motion To Drop Party Plaintiffs Pursuant To FRCP 21.

### I.   Factual and Procedural Background

On November 3, 2004, Marla Mayon ("Mayon") filed a complaint in the United States District Court for the Southern District of Texas against her former employer RaceTrac Petroleum, Inc. ("RaceTrac" or "Defendant"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"). Mayon filed the action on behalf of herself and all other associates in RaceTrac's 371 convenience stores throughout the country. Contemporaneous with

the filing of her complaint, Mayon filed a motion for notice to potential plaintiffs and limited expedited discovery. On July 15, 2005, the Honorable Lee Rosenthal of the Southern District denied Mayon's motion. The court held that there was insufficient evidence of a company wide policy necessary to support a collective action. (*See* App. Def.'s Resp. at 37-56.) Mayon subsequently moved to amend her complaint to add 36 former RaceTrac employees as plaintiffs. On October 14, 2005, the court found the proposed amendment futile and denied the motion, holding that "[i]ndividualized claims predominated and there was an insufficient basis to find a unified policy." (*Id.* at 35.) According to the court, the potential plaintiffs failed to show that the claims arose from a single occurrence or transaction, as required for joinder under Fed. R. Civ. P. 20(a). The Court also held that a suit composed of 37 plaintiffs would improperly prejudice the defendants, further making joinder improper. (*Id.* at 35-36.)

Fifteen plaintiffs (hereinafter "Plaintiffs"),[1] all of whom were denied joinder into the suit initiated by Mayon, have now filed a complaint in the Northern District of Texas. As former employees of RaceTrac in at least four different states, Plaintiffs likewise bring the instant suit for alleged violations of the FLSA. Plaintiffs contend that RaceTrac "requires and/or permits its employees to work in excess of forty hours per week . . . but refuses to compensate its employees for all such hours." (Compl. ¶ 1.) The complaint was filed with this Court on November 16, 2005. Defendant now moves to drop Plaintiffs in the present action. Defendant argues that joinder of the Plaintiffs is improper under Fed. R. Civ. P. 20(a), thus they should be dropped in

---

[1] The fifteen plaintiffs are Bennet Afabor, Terry Allsbrook, Jennifer Ashley, Tammi Benton, Sadella Ervin, Lyndsey Ferguson, Angi Fowler, Hazel Griffith, Jessica Hagarty, Brandy Mobbs, June Myers, Derek Patterson, Paris Sanders, Ruth Youngblood, and Laurie Ziem.

accordance with Fed. R. Civ. P. 21.

## II. Legal Standard

Fed. R. Civ. P. 21. provides that:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The text of the rule does not indicate what constitutes misjoinder, but federal courts have uniformly construed the language such that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder as set forth in Fed. R. Civ. P. 20(a). *See, e.g., MIL (Investments) SARL v. Inco Ltd.*, No. 3:02-CV-1879-G, 2002 WL 32319011, at *2 (N.D. Tex. Oct. 29, 2002); *Olan Mills, Inc., of Tenn. v. Enter. Publ'g Co.*, 210 F.2d 895, 896 (5th Cir. 1954); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1683 (3d ed. 2001). According to Fed. R. Civ. P. 20(a), joinder is permissible if the claims arise from the same transaction or occurrence and share a common question of law or fact. *Applewhite v. Reichhold Chems. Inc.*, 67 F.3d 571, 574 & n.11 (5th Cir. 1995). Thus, a party has been improperly joined for purposes of Rule 21 if the claims asserted do not (1) arise from the same transaction or occurrence and (2) share some common question of law or fact common to all of the parties.

## III. Discussion

### a. Collateral Estoppel

Defendant first contends that the issue of improper joinder has already been litigated in the Mayon suit, thus under principles of collateral estoppel the Court should drop the misjoined

plaintiffs. "When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000) (internal citations omitted). Collateral estoppel precludes a party from litigating an issue only if (1) the issue at stake is identical to the one involved in the prior action; (2) the issue has been actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that earlier action. *Id.*; *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 397 (5th Cir. 2004).

Defendant's argument is unpersuasive, however, as the issues in the two cases are not identical. The issue before the Houston court was whether it was proper to amend a complaint to add 36 plaintiffs. The issue currently before the Court is whether it is proper for 15 plaintiffs to proceed in a single suit. While similar in that both issues will be resolved through Rule 20(a) permissive joinder analysis, the factual and legal issues are by no means identical. Furthermore, the Houston court found there was "insufficient evidence of a company-wide illegal policy to support a collective action" and this same "lack of evidence weigh[ed] heavily against joinder." (App. Def.'s Resp. at 35.) But the court did not definitively hold that there was not a company-wide illegal policy. That issue could still be proven at summary judgment or trial, hence, collateral estoppel does not apply to preclude determination of that issue in the present case. *See, e.g., Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999) ("Collateral estoppel is limited to matters distinctly put in issue, litigated, and determined in the former action.") (internal citations omitted).

b. **Misjoinder**

Defendant argues that, even if the issue is not precluded, plaintiffs should be dropped pursuant to Fed. R. Civ. P. 21 because their joinder is improper under Fed. R. Civ. P. 20(a). Rule 20(a) of the Federal Rules of Civil Procedure, in pertinent part, provides that:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or, in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a). In order for the Plaintiffs to be properly joined, they must demonstrate that both of the requirements of Rule 20(a) are met. It is undisputed that Plaintiffs' claims present common questions of law or fact; all Plaintiffs are former employees of RaceTrac and bring claims for violations of the FLSA.

Thus, the issue of proper joinder depends on whether the Plaintiffs' claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences . . ." Fed. R. Civ. P. 20(a). "When determining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20(a), courts generally apply a case by case approach rather than hard and fast rules." *Lott v. Eastman Kodak Co.*, No. 3:97-CV-2560-P, 1999 WL 242688, at *3 (N.D. Tex. Apr. 16, 1999). The transaction and common question requirements prescribed by Rule 20(a) are not rigid tests; they are flexible concepts used by the courts to implement the purposes of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy. *Wade v. Minyard Food Stores*, No. 3:0-CV-1403-H, 2003 WL 22718445, at *1 (N.D. Tex. Nov. 17, 2003). The Supreme Court has noted that, in the context of Rule 20, "the impulse is toward entertaining the broadest possible scope of action

consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

Defendant contends that there was no company-wide illegal policy of depriving employees overtime pay in violation of the FLSA and that the evidence submitted by Plaintiffs is insufficient to prove otherwise. Specifically, it is argued that the Five-Day Orientation Training Guide merely instructs employees to arrive prior to their scheduled work time, it does not direct them to work "off-the-clock." In addition, RaceTrac cites to deposition testimony that suggests there was not even a uniform policy in each store, much less a uniform policy company-wide. Morever, Defendant maintains that the relevant case law makes clear that, absent a more meaningful connection, there is nothing to bind the claims of the Plaintiffs together under the joinder rules of Fed. R. Civ. P. 20(a).

While the evidence submitted by Plaintiffs may not yet conclusively establish the existence of a company-wide illegal policy, "[t]he relevant legal authority requires the plaintiffs to allege, not prove, a pattern of [illegal conduct] to merit the proper joinder of parties." *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 15-16 (D.D.C. 2004). In an analogous case before the Northern District, the defendants moved to sever the plaintiffs because the complaint was based upon numerous distinct incidents occurring on several different occasions. *Battison v. City of Electra*, No. 7:01-CV-037-R, 2001 WL 497769, at *2 (N.D. Tex. May 8, 2001). The complaint, however, alleged that the defendant City had engaged in a practice of violating the rights of its citizens. *Id.* The Court found that "[t]his allegation alone suffices to meet Rule 20(a)'s common transaction or occurrence requirement." *Id.* Similarly, in *King v. Ralston Purina Co.*, the court

refused to sever the parties even though each plaintiff worked in a different state and a different department within the company. 97 F.R.D. 477, 480 (D.N.C. 1983). The critical factor in the court's analysis was the fact that the plaintiffs "allege[d] that [they were] discriminated against as part of a pattern and practice . . . throughout its many regions and divisions." *Id.* Both courts found that premising joinder on a mere allegation comported with the standard expressed in Supreme Court precedent. *Id.* at 480-81; *Battison*, 2001 WL 497769, at *2 (both citing *United States v. Mississippi*, 380 U.S. 128 (1965)). In *United States v. Mississippi*, voting registrars from six different counties were joined as defendants and they subsequently moved to sever. 380 U.S. at 142-43. But the Supreme Court held that joinder was appropriate because the complaint charged that the unlawful acts of the registrars were part of a state wide pattern and practice. *Id.* In all three opinions it was not the *existence* of a company-wide policy, but the *allegation* of a company-wide policy that prompted the court to find joinder appropriate.

In Plaintiff's complaint, it is alleged that RaceTrac's conduct violated the FLSA in that employees were required or permitted to work "off-the-clock" hours that were uncompensated. (*See* Compl. at 1, 5.) In particular, it is alleged that "Defendant's practice of failing to pay Plaintiffs for all hours worked violates the FLSA." (*Id.* at 6.) "Where a claim is based on a . . . practice of conduct, such conduct can constitute the 'series of transactions or occurrences' required by Rule 20(a)." *Battison*, 2001 WL 497769, at *2; *see also King*, 97 F.R.D. at 480 ("Common sense says that claims alleged to be part of a 'pattern and practice' satisfy both the 'transaction' and the 'common question' requisites of Rule 20(a)."). Plaintiffs have thus alleged a company-wide practice that fulfills the requirements for a Rule 20(a) joinder.

### c. Unfair Prejudice and Judicial Economy

Defendant further argues that joinder would be inappropriate because of the unfair prejudice in allowing fifteen plaintiffs to proceed in a single case. Defendant claims that the individual claims of overtime violations for fifteen former employees could lead to jury confusion and might improperly cause a jury to assume RaceTrac is guilty because of the multitude of the evidence presented. Thus, Defendant urges the Court to sever the Plaintiffs. Ultimately, the decision regarding severance balances convenience and judicial economy against the danger of prejudice and juror confusion. *Kumar v. Hyundai Semiconductors, Inc.*, No. 3:97-CV-1947-L, 1999 WL 202543, at *1 (N.D. Tex. Mar. 31, 1999). Here, the Court finds Defendant's arguments unpersuasive, as there is no unfair prejudice inherent in allowing fifteen plaintiffs to proceed jointly in an FLSA action. *See Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) (court allowed twenty-two individual plaintiffs to proceed in an FLSA action under Rule 20(a) where their causes of action arose out of the same series of transactions or occurrences). Furthermore, as Plaintiffs allege a company-wide illegal practice by RaceTrac, the policy behind Rule 20(a) is furthered by refusing severance at this time. If the claims were severed, the same evidence of an alleged pattern or practice would have to be presented in numerous separate trials. It is far more convenient, economical and expedient for this evidence to be heard in one trial.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion To Drop Party Plaintiffs Pursuant To FRCP 21.

**It is so ordered.**

Signed this 15th day of ~~March~~ May 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE